Henderson, Chief-Justice.
 

 It is said, that this claim is founded neither on a specialty, note, contract or agreement
 
 ;
 
 that it is not for goods, wares, and merchandize sold and delivered, nor for work and labor done, and therefore that a single Justice has no jurisdiction ; the act of 1784, (to which all subsequent acts, except that of 1822 refer, and the latter not affecting the case,) expressly cunlining the jurisdiction to cases of that descripr tion.
 

 
 *113
 
 Contivcts are of two kinds, ex¡ -s am* ^ ¡plied. The -irst are, where an obligation is expressly as aimed
 
 ;
 
 the latter, wlien it arises from the transaction, without any express undertaking, being according to the obligations imposed by law, the performance of which every person i is presuuipd to undertake, independently of,;¿nd without • Su express promise. As if A receives thfufione/ of B, a promise is implied, that A w ill repay it.^ If A payé money for B, at the request of B, the law implies a promise on the part of B, that he will repay it. Even in cases where A receives the money of B
 
 tortiouslg,
 
 or under a claim of right, B may waive the
 
 tort,
 
 and presume that A received the money for his use, if in fact, the money belonged to
 
 B i
 
 and A is not permitted to allege, that he received the money
 
 tortiouslg,
 
 and by wrong, if
 
 ex equo et bono,
 
 as
 
 Lord Mansfield
 
 says, lie ought to repay it. If this be the rule, in the exposition of acts by Courts, emphatically called Courts of Justice — proceeding according to Ihe course of the common law, I can see no reason why it should not be applied to Courts of limited and special jurisdiction, proceeding, it is true, not according to the forms of the common law, but according to its principles ; the law being the same in both Courts, varying only in the mode of administration — that which is law in one Court being so in the other, as far as regards the subject matter of the contract. 1 must therefore say, that if this money in the hands of the Defendant, (the
 
 fieme,)
 
 is the money of the Plaintiff, the Defendants have agreed to pay it to him. A contrary exposition of the -act is at variance, I think as well with its letter as with its spirita contract implied being as much a contract as a contract expressed. This opinion is in accordance w ith the uniform understanding, ever since the act was passed. I should suppose, that the jurisdiction of a single Justice extends to all cases, where a general indéba-
 
 tus assumpsit
 
 will lie.
 

 
 *114
 
 As to the bar of a former judgment, I think the Defendant ]ias failed to establish it. The bar does not arise from the fact that there has been a former suit upon the subject. jjUt Un^-e must have been a former investigation of this very claim upon its merits, by a competent tribunal, which has adjudicated upon the subject. The judgment produced in this case shows, it is true, that there was a suit, and that it is at an end; but whether the justice who put an end to it, entered into the merits of the claim, and adjudicated upon the right, does not appear. The entry is, that the Plaintiff should pay costs; this consequence may follow from a judgment on the merits, as well as something collateral to them, and not affecting them. If it was to he allowed as a bar, it might happen that the Plaintiff would be put out of Court, without ever having had bis claim passed upon.
 

 I think, also, it was improper to receive evidence from the Justice, to explain what he meant by the entry. It must speak for itself; as it stands, it is either a judgment or not — it cannot have its character determined by the testimony of the Justice. If so, any other person is as competent to do it as he is. But if (he entry imports a judgment, I think it is proper to prove by the Justice, or any other person, that the merits were gone into, iC the testimony be consistent with the judgment. I am induced to say this, from the analogy it hears to cases where trespass has been brought for taking , property, and on the plea of not guilty, a general verdict is found for the Defendant. In an action of
 
 detinue
 
 or
 
 trover
 
 af-terwards brought for the same properly, if the verdict and judgment in trespass be pleaded in bar, evidence may be given to prove, that the verdict in that action was rendered for the Defendant, from the fact that there was no forcible taking, and that it was not given on the title. This is brought in under a replication averring these facts. But here, the Justice was asked what he meant by the entry | not whether he went into
 
 *115
 
 sm examination of the merits. But in this case tlse entry neit!'."” was. nor did it import to bo , judgment.— It did not profess to decide the cause.
 

 This is not one of the cases where a new trial should be granted because improper evidence was received on behalf of him, in whose favor judgment was rendered — for the Defendant offered no sufficient bar. There was nothing therefore for the Justice’s evidence to do away.
 

 Upon the question of jurisdiction, this caséis stronger than where one man receives or takes, the money of another. Here the possession devolved on the wife on her husband’s death, she held it for those to whom it belonged.
 

 Per Curiam. — Let the judgment be affirmed.